CARTER v. BESSEY et al.

No. 6135.   Decided August 16, 1939.   (93 P. 2d 490.)

428

H. D. *Moyle,* of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth* and *Grant Bagley,* all of Salt Lake City, for respondent.

LARSON, Justice.

Appellant seeks to set aside the judgment of the trial court imposing liability upon this appellant, based upon the doctrine of respondeat superior, for injuries received by the respondent.

Appellant's agent, Bessey, covered that section of Salt Lake City bounded on the east by Main Street and on the south by Ninth South Street, taking orders and making deliveries of groceries and household merchandise. He started work at 7 a. m. and chose his own routes within his area. According to the contract of employment Bessey was instructed not to drive the Company's truck for personal use. The truck was kept in a garage rented by the Company, situated across the street from Bessey's home on East Fifth South Street. Bessey testified that he usually drove home at night by certain through thoroughfares but he was not instructed by his employer in the matter of the selection of routes. On the night of the accident Bessey made his last call by driving south on Second West Street to a house between Eighth and Ninth South to collect for an order previously delivered. He then drove south to Ninth South Street, east to Main Street, north on Main to a point on the west side of Main between Seventh and Eighth South Streets where he purchased a Christmas tree for his family, put it upon the right front fender of the car and continued north to Fifth South Street where he turned east towards his home and the Company garage where he was to leave the truck. Plaintiff, a pedestrian going north on the east side of Main Street, seeing the red light showing "Stop" for east and west travel and "Go" for north and south, started to cross the intersection at Fifth South. The truck struck her as it was turning the corner, causing serious injuries. The jury returned a verdict in favor of the plaintiff and against both defendants for $5,683.86. The defendant, Jewel Tea Company, alone appeals.

The appellant contends that by stopping to purchase the Christmas tree, deviating from the usual physical route traversed by the agent in the evenings, and disobeying the instructions of the Company concerning the use of the Company truck for personal uses, the agent was beyond the scope of his employment and therefore he alone can be liable for the respondent's injuries. There are several cases cited

to support this view, the most important one of which is the Utah case of *Cannon* v. *Goodyear Tire & Rubber Co.*, 60 Utah 346, 208 P. 519.

As to the deviation, it is argued that the servant deviated when he went east on Ninth South Street after making the collection rather than turning around on Second West and going north to Fifth South, and would not return to the scope of his employment until parking the truck in the Company's garage, after having delivered the tree at his home, or if that be not correct, the deviation must at least be said to have commenced when the tree was put upon the truck, and the agent was thereafter engaged in his own business until he reached the garage with the truck. Respondent answers that what was done did not constitute a departure from the agent's employment, and if it did, the servant returned to his employment when, having put the tree on the truck he started by direct route to deliver the truck to the garage, and when driving into Fifth South Street he had two purposes—the continuation of his master's business (to park the car which contained some of the Company's undelivered goods in the garage for the night), and his own desire to deliver the tree at his home. The earlier deviation from the route usually taken by the agent is immaterial because it was not substantial and the agent was free to select his own methods and thoroughfares. It may also be noted that the route taken was the most direct one to the garage. To hold that, because an agent may become accustomed to driving along certain thoroughfares within the boundaries of the territory in which he works for the employer, a change to another route is a departure from the scope of his employment would not be sound.

Appellant relies principally upon the case of *Cannon* v. *Goodyear Tire & Rubber Co.*, supra, but the facts in that case are widely different from those in the case at bar. There the driver worked definite hours, and the accident occured several hours after he had ceased his employment for the master and while he was using the truck

upon business *wholly* and *exclusively his own*. Though he was driving the Company's truck he was completely dissevered from the master's control or service. In the case before us, Bessey had not completed his day's work for the master. He was still about his master's business though also incidentally attending to some purposes of his own. That such dual activity does not ipso facto discharge the master from liability is settled by the overwhelming weight of authority. *Burton* v. *La Duke*, 61 Utah 78, 210 P. 978; *Gayton* v. *Pacific Fruit Express Co.*, 127 Cal. App. 50, 15 P. 2d 217; *Brimberry* v. *Dudfield Lumber Co.*, 183 Cal. 454, 191 P. 894; *Marks' Dependents* v. *Gray*, 251 N. Y. 90, 167 N. E. 181; Shearman and Redfield on Negligence, 6th Ed. § 147a. A slight deviation from orders or attending incidentally to other business than the master's, but which does not dissever the servant from the master's business does not relieve the master from liability for the servant's negligence. If the servant is about the master's business even though also attending to private affairs, he is within the scope of his employment and the master is liable. But when the servant, for purposes of his own or for purposes other than the master's business, is engaged in activity which has no relation to the master's business, to his employment, he has for such time departed from the scope of his employment and the master is not liable for his negligence. The rule has been stated in Shearman and Redfield on Negligence, 6th Ed., § 147a:

"One does not cease to be acting within the course of the master's employment because his most direct and immediate pursuit of the master's business is subject to necessary, usual or incidental personal acts, nor even by slight and immaterial delays or deflections from the most direct route for a personal or private purpose, the pursuit of the master's business continuing to be the controlling purpose. Such acts, not amounting to a turning aside completely from the master's business so as to be inconsistent with its pursuit, are often only what might be reasonably expected, to which, therefore the master's assent may be fairly assumed; or they are in many instances the mingling with the pursuit of the master's business some purpose of the servant's own."

And as said by the California Court in *Kruse* v. ■
*White Brothers,* 81 Cal. App. 86, 253 P. 178, 180, 181:

"Whether there has been a deviation so material or substantial as to constitute a complete departure is usually a question of fact. In some cases the deviation may be so marked, and in others so slight relatively, that the court can say that no conclusion other than that the act was or was not a departure could reasonably be supported; while in still others the deviation may be so uncertain in extent and degree in view of the facts and circumstances as to make the question of what inferences should be drawn from the evidence properly one for the jury."

Whenever reasonable minds may differ as to whether the servant was at a certain time involved wholly or partly in the performance of his master's business or within the scope of his employment, the question is one for the jury. *Gayton* v. *Pacific Fruit Express Co.,* supra; *Burton* ■ v. *La Duke,* supra; *Brimberry* v. *Dudfield,* supra; *Gibson* v. *Dupree,* 26 Colo. App. 324, 144 P. 1133; *Webster* v. *Mountain States Telephone & Telegraph Co.,* Mont., 89 P. 2d 602; *McKeever* v. *Ratcliffe,* 218 Mass. 17, 105 N. E. 552; *Moon* v. *Matthews,* 227 Pa. 488, 76 A. 219, 29 L. R. A., N. S., 856, 136 Am. St. Rep. 902; *Carrier* v. *Donovan,* 88 Conn. 37, 89 A. 894; *Fielder* v. *Davison,* 139 Ga. 509, 77 S. E. 618; *Sina* v. *Carlson,* 120 Minn. 283, 139 N. W. 601; *Symington* v. *Sipes,* 121 Md. 313, 88 A. 134, 47 L. R. A., N. S., 662; *Waack* v. *Maxwell Hardware Co.,* 210 Cal. 636, 292 P. 966; *Donnelly* v. *Harris,* 219 Mass. 466, 107 N. E. 435; *Reynolds* v. *Denholm,* 213 Mass. 576, 100 N. E. 1006; *Kruse* v. *White Bros.,* supra. The California Court says in *Dennis* v. *Miller Automobile Co.,* 73 Cal. App. 293, 238 P. 739, 741:

"The trial court, by proper instructions, left to the jury the determination of the fact as to whether the driver of the appellant's automobile was or was not performing a service for the appellant within the scope of his employment at the time of the plaintiff's injury, and we think, under the facts disclosed and as shown by the discussion herein, the court did not err in so doing. We think the facts in this case bring it well within the principle applied to departures, incidental departures, and incidental services had or performed in con-

nection with the main duties and obligations being performed by the employee, and did not constitute an abandonment for the time being of the employer's service. There is presented no element of a junketing trip, or pleasure trip; nothing further than going to the express office by a different route. * * *

"We think the trial court in this case properly left to the jury the determination of the fact of whether the driver of appellant's automobile was not, at the time of the injury suffered by the plaintiff, also engaged within the scope of his services, and was in fact taking packages belonging to the Miller Automobile Company to the American Express office as well as accommodating the two boys; and the verdict of the jury, including necessarily within it the finding of such fact, we conclude that the judgment is supported by the evidence, and should be affirmed, and it is so ordered."

Like the California Court we entertain no doubt that this question was properly submitted to the jury, and its findings in that regard should not be disturbed.

The instruction stated in the contract of employment to the effect that the agent would not use the car for personal reasons does not excuse the Company from liability. This was a private instruction known only by the Company and the agent and cannot bind third parties injured by an agent within the scope of his employment. The doctrine of respondeat superior exists irrespective of contract and it is not dependent upon the stipulations in the contract of hiring. The master is responsible for the torts of his servant done in the course of his employment, and within the scope of his agency even though contrary to the express instructions of the master. A tortious act done in the course of the servant's employment is none the less imputable to his master because it was done in violation of the master's orders. The question in every case is whether the act he was doing was one in prosecution of his master's business and not whether it was done in accordance with the master's instructions.

We find no reversible error in the record and the judgment is affirmed. Costs to respondent.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

**WOLFE, Justice (concurring).**

I concur, but I think the statements in the last paragraph a trifle too broad. The doctrine of respondeat superior does not exist irrespective of contract because the agential or master and servant relationship, which must first be proved, is a contractual relationship.

I think those instructions of the master which if disobeyed would still leave the servant within the purview of employment must be distinguished from those which if disobeyed would take the servant out of the employment. The doctrine of respondeat superior cannot be based on apparent authority as can an action ex contractu. Where the servant violates an instruction of the master which itself dissevers the master and servant relationship temporarily or permanently during which time the accident happens, the plaintiff may not recover. But I agree that in this case there was no such violation of the instruction as dissevered the relationship.