385 P.2d 608

Vera M. STOUT, Plaintiff and Respondent,

v.

WASHINGTON FIRE AND MARINE IN-SURANCE COMPANY, a corporation, Defendant and Appellant.

No. 9873.

Supreme Court of Utah.

Oct. 11, 1963.

6. State v. Walsh, 106 Utah 22, 144 P.2d 757; State v. Neimier, 106 Utah 307, 148 P.2d 327.

Mabey, Ronnow & Madsen, Salt Lake City, for appellant.

Barton & Klemm, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff brought this action to recover, under a fire insurance policy, damages for personal property destroyed in a fire. Defendant insurance company appeals from a summary judgment in favor of the plaintiff.

The facts are not in dispute. The plaintiff had secured a fire policy from the defendant upon her home. The policy was in effect at the time of the loss. At the rear of the home and on the same lot was a separate building which was used by the plaintiff as a tire-recapping shop. It is this building that burned.

At the time of the fire plaintiff had stored in the shop certain personal property consisting of furniture and other property of a character connected with the home and in no way connected with the business. It is for the loss of this personal property that plaintiff seeks recovery under the terms of the policy in question. The sole issue to be resolved is the meaning of the word "premises" as used in the insurance contract.

The policy, in addition to insuring the dwelling against loss by fire, also, inter alia, insured the personal property of the owner against loss by fire. It provided under "Coverage C" as follows:

1. "On Premises: This policy covers unscheduled personal property usual or incidental to the premises as a dwelling owned, worn or used by an insured, while on the premises, * * *

2. "Away From Premises: This policy also covers unscheduled personal property as described and limited while elsewhere than on the premises, anywhere in the world, owned, worn or used by insured * * *. The limit of this company's liability for such property while away from premises shall be an additional amount of insurance equal to ten per cent (10%) of the amount specified for Coverage C and in no event less than One Thousand Dollars ($1,000.00)."

To support its contention that the damaged personal property was not on the "premises" defendant refers to the following provisions found elsewhere in the policy:

"Declarations

"The premises occupied by the Named Insured is situated in a building occupied by not more than ——— families. The described premises is occupied by not more than one family in addition to the Named Insured's family and by not more than two roomers or boarders."

"General Conditions
"Premises

"The unqualified word 'premises' means the premises described in the Declarations, including grounds, garages, stables and other outbuildings incidental thereto, and private approaches thereto.

"The described dwelling of frame construction is occupied by not more than two families and not more than two roomers or boarders per family * * *. The described dwelling is not seasonal and no business pursuits are conducted at the premises thereof: Exceptions if any. (No exceptions noted)"

It is apparent from the last three quoted provisions that the shop building itself was excluded from coverage. That this was the intention of the parties is the fact that plaintiff secured a separate fire policy for the building at the same time (from the same agent, but with a different insurance company) that she secured the policy here involved. However, do the last three quoted provisions take the shop building off the "premises" as that word is used under the terms of "Coverage C"? We think not.

■ Any doubts or uncertainties as to the meaning or effect of the policy must be construed so as to resolve said doubts or uncertainties against the defendant who prepared the contract.[1]

■ The personal property involved was admittedly incidental to the dwelling and on the same lot. The provisions of the policy relied upon by defendant refer to fire damage to the grounds and structures thereon. They do not, in our opinion, make the shop building an island on the premises wherein personal property not used in the business but incidental to the dwelling would be "away from the premises" as that term is used in "Coverage C."

Affirmed. Costs to plaintiff.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

1. Commercial Credit Corp. v. Premier Insurance Co., 12 Utah 2d 321, 366 P.2d 476.