441 P.2d 705

**DIAMOND T UTAH, INC., a corporation, Plaintiff and Appellant,**

**v.**

**TRAVELERS INDEMNITY COMPANY, a Utah corporation and Pacific Finance, Inc., a Utah corporation, Defendants and Respondent.**

No. 10951.

Supreme Court of Utah.

May 20, 1968.

Wilkinson, Wilkinson & Knowlton, Homer F. Wilkinson, Salt Lake City, for appellant.

L. Ridd Larson, Salt Lake City, for respondent, Travelers Indemnity Co.

JONES, District Judge:

Plaintiff appeals from a summary judgment of dismissal.

■ This was an action to recover on an automobile insurance policy. Appellant maintains that the contract is ambiguous in regard to whether vehicles sold under conditional sales contracts are covered, and that this ambiguity should be resolved in its favor. See Stout v. Washington Fire & Marine, 14 Utah 2d 414, 385 P.2d 608. It asserts that "the insurance contract itself provided that the insured's interest will be insured on used automobiles even though it might have been sold under a conditional sales contract if the insured has an interest even if the conditional sales contract is in force." But a reading-over of the entire policy discloses no such ambiguity. Twice therein it is stipulated that vehicles sold under conditional sales are excluded from coverage. Appellant points out that another clause therein recites that "used" vehicles are to be covered. (The vehicle in question was a used one.) We do not agree with the contention that the latter provision makes the former exclusionary clauses ambiguous. The two different provisions are not conflicting, as each relates to a different subject or classification. The language of this insurance contract appears to be clear and not susceptible of more than one interpretation by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the written instrument, other than oral statements by the parties of what they intend it to mean. 17 Am.Jur.2d, § 243, p. 630. Williston, Contracts (3rd ed.) Secs. 603, et seq. Therefore, the insurance contract in question is not ambiguous.

It is the further contention of the appellant that the undisputed facts show that the vehicle, when wrecked, was a stolen car under the provisions of the insurance contract and, therefore, it (and not respondent) was entitled to have summary judgment. We examine the record, guided by the provisions of Rule 56, U.R.C.P. for the purpose of ascertaining if no genuine issue as to any material fact remains.

The truck-trailer in question was sold by appellant under a conditional sales contract; the paper thereon was assigned to a finance company (no longer a party to this action); the purchaser became delinquent in meeting his payments; the titleholder located the vehicle parked on a public street, peaceably took possession of the same, and caused it to be moved to a storage yard where it was left and a receipt taken from a bailee; said receipt, together with the keys to the cab, were then forwarded to said titleholder. About this time the buyer called appellant's president on the telephone and attempted to make arrangements so that he could regain posses-

sion of the stored vehicle. He was advised to take up the matter with the finance company, the legal titleholder of said conditional sales contract. The record does not disclose just what, if anything, transpired between the erstwhile purchaser and the titleholder, but, be that as it may, the said buyer subsequently proceeded to locate the stored vehicle, enter the cab, start the motor, and drive said truck-trailer away without interference from anyone. The record is silent as to what occurred during the next period of time. (Appellant's president deposed that he understood that the finance company had "notified the highway patrol and they were trying to pick it up, too.") This interregnum was shattered when the vehicle became involved in an accident and was wrecked. Upon being advised of this state of affairs, appellant dispatched a wrecker to pick up the mechanical remains and transport same to Utah.

 In this cause both parties elected to submit motions for summary judgment. Under such circumstances it is not true that once both parties move for summary judgment the court is bound to grant it to one side or another. The law is otherwise. Steinberg v. Adams (D.C.S.D.N.Y.), 90 F. Supp. 604. The trial court should then proceed to ascertain whether under such circumstances any genuine issue remains. If not, then one of the motions may be granted. Otherwise a trial must ensue as to any remaining disputed fact issues.

Walling v. Richmond Screw Anchor, 154 F.2d 780 (C.C.A.2d). We approve all of the actions of the court below save only the resolution of the one genuine issue of fact that remains, to-wit: whether the vehicle in question was in fact stolen from the storage lot, or driven away by him whose name appears on the conditional sales contract as buyer with the consent of the bailee under some kind of arrangement theretofore made with the Pacific Finance, Inc., the legal titleholder of said automobile. In addition to accepting the paper and collecting the payments the Pacific Finance helped to locate vehicles upon which payments had become delinquent. There existed some "side" agreements between Diamond T and Pacific and there is no dispute about the fact that whenever a vehicle was repossessed, Diamond T had the duty to immediately take it over and be responsible for it.

 That portion of the summary judgment heretofore entered which determined that no issue of facts remains as to the acts and conduct of the parties from the time the truck-trailer was first repossessed up to and including the moment it was subsequently wrecked is reversed. Should it be ascertained that the vehicle was stolen from the bailee and remained in that status until wrecked, then on the premise that appellant still retained an insurable interest in said property by reason of its side agreement with Pacific Finance

Co. after repossession, plaintiff may recover. On the other hand, if it is made to appear that the owner of the title paper, or the bailee, consented to the removal and further operation of said truck-trailer by the erstwhile owner, then there can be no recovery because the conditional sales contract would be deemed reinstated, thereby making the insurance contract in question inapplicable. The remaining portion of the trial court's action on summary judgment is affirmed. Costs to appellant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

CALLISTER, J., having disqualified himself, does not participate herein.