Anne MOYER, Individually and as Personal Representative of the Estate of Maxine Reddy, deceased, and as Representative of the Maxine Reddy Trust, Appellant–Defendant,

v.

EMPIRE LODGE HOMEOWNERS' ASSOCIATION, a Colorado non-profit corporation, Appellee–Plaintiff.

No. 02SA220.

Supreme Court of Colorado, En Banc.

Oct. 20, 2003.

Riser, Hart & Trezise, LLC Kathleen Hart Gunnison, Colorado Attorney for Appellant–Defendant.

Felt, Monson & Culichia, L.L.C. James G. Felt, Steven T. Monson, James W. Culichia, Bradford R. Benning, Colorado Springs, Colorado Attorneys for Appellee–Plaintiff.

Justice COATS delivered the Opinion of the Court.

The Moyers, who were the prevailing parties in a dispute with Empire Lodge over water rights, appealed to this court directly from the water court's order denying as untimely their Bill of Costs. The District Court for Water Division No. 2 ruled that by waiting until the conclusion of Empire Lodge's appeal of the judgment in the case to file their Bill of Costs, the Moyers were out of time by some twenty months. Because we hold that the water court did not abuse its discretion in denying the Moyer's Bill of Costs or Motion to Reconsider, the Order is affirmed.

I.

In the fall of 1996, Empire Lodge Homeowners' Association filed suit in the water court alleging enlargement of the Moyers' use of a decreed irrigation right, and the Moyers counterclaimed to enjoin Empire Lodge's out-of-priority diversions to its ponds.[1] On March 13, 2000, the water court dismissed Empire Lodge's complaint for lack of standing and issued an injunction in favor of the Moyers. In the same order it awarded costs to the Moyers, and without specifying a time limit, it ordered them to submit a Bill of Costs.

In a motion dated April 6, 2000, the Moyers asked that they be allowed until April 28 to file their Bill of Costs. This motion was granted, but on April 25 the Moyers moved for an additional extension of time. This second motion made reference to several pending motions regarding reconsideration of the issues and requested that the Moyers be allowed until June 15, 2000, or three weeks after the court's determination of the pending motions, whichever occurred later, to

submit their Bill of Costs. Although this motion for further extension of time was not objected to by Empire Lodge, it was also never granted by the water court.

The pending motions for reconsideration included post-trial motions filed by Empire Lodge as well as a motion by the state engineer to enter his appearance and file a motion for reconsideration of the water court's order and judgment. On May 2, 2000, the court denied Empire Lodge's motions and denied the state engineer's motion for leave to enter his appearance. On June 16, Empire Lodge filed its notice of appeal with this court.

The Moyers did not file their Bill of Costs with the water court until February 25, 2002, two weeks after this court issued its mandate, affirming the water court's judgment. Empire Lodge objected to the Bill of Costs as untimely, and the water court denied it on that basis, without further consideration. It also denied the Moyers' Motion for Reconsideration for the same reasons. The Moyers appealed directly to this court.[2]

II.

As this court has previously recognized, the Uniform Local Rules For All State Water Court Divisions indicate their intent that the Colorado Rules of Civil Procedure, "including the state-wide practice standards set out in C.R.C.P. 121," apply to water court practice and procedure, "[e]xcept as expressly provided in these rules." *See Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 381, (Colo.1994) (quoting introductory note preceding the rules). C.R.C.P. 121, § 1–22, requires a party claiming costs to file a Bill of Costs within 15 days of judgment or "such greater time as the court may allow." Although the water court did not specify an alternate deadline in its original Order and Judgment, in response to the Moyers' first request for extension of time, it expressly

---

1. *See Empire Lodge Homeowners' Ass'n v. Moyer*, 39 P.3d 1139 (Colo.2001).

2. Although we do not comment on the jurisdiction of the court of appeals over appeals such as this, we choose to consider this appeal. *See Colo-* rado Ass'n of Public Employees v. Dep't of Highways, 809 P.2d 988, 990 n. 1 (Colo.1991); *Thomas v. County Court*, 198 Colo. 87, 89–90, 596 P.2d 768, 770 (1979).

ordered that they be granted to and including April 28, 2000, within which to file.

■ It may well have been within the water court's discretion to grant the Moyers more time had it chosen to do so, *see* C.R.C.P. 6(b), but even though a timely request was made, it was never granted. Similarly, while Empire Lodge's failure to object may have compromised its ability to complain about the requested extension at a later time, *see* C.R.C.P. 121, § 1–15(3) (failure to file responsive brief may be considered confession of motion), its failure to object could in no way serve to strip the court of its discretion to deny the motion or require the court to extend an existing deadline. Even a stipulation of the parties cannot extend time limits set by the court, without its approval. *Wilson v. People*, 25 Colo. 375, 55 P. 721 (1898); C.R.C.P. 121, § 1–11.

■ Nor could the mere filing of the Moyers' motion to enlarge, whether objected to or not, toll the existing filing deadline until the court acted on the motion. *Cf. Lovelace v. Higgins*, 220 B.R. 1022 (10th Cir. BAP 1998)(filing motion for extension of time did not toll period for appealing nor did motion to extend automatically extend appeal time until court ruled on extension motion).[3] While it is surely within a trial court's discretion to grant a timely motion to enlarge, even after the period to be enlarged has expired, the court's failure to do so, or for that matter, its failure to take action on the motion at all, does not automatically extend an existing deadline. A party seeking an enlargement of time within which to take a required action, delays beyond an as yet unextended deadline at its own peril.

■ When the Moyers finally filed their Bill of Costs, Empire Lodge objected, and the water court denied the Bill of Costs as untimely. Treating Empire's failure to object to the April 25, 2000 motion for enlargement as a confession of the additional time it requested, the water court found that the Bill of Costs was nevertheless filed 20 months outside the time requested by the Moyers

and acquiesced in by Empire. This conclusion followed from the court's understanding of the Moyers' requested delay as referring only to the post-trial motions of Empire Lodge and the state engineer, which the court resolved on May 2; and not the motion to enlarge, itself, which was never explicitly granted or denied. The motion's reference to "Motions pending from all parties regarding reconsideration of the issues," which were also described as matters the Moyers' attorney had already been working on for weeks, could hardly be interpreted to include the motion to enlarge itself. In any event, however, the matter was of little consequence where it was clearly within the water court's discretion to deny the Bill of Costs as untimely, whether or not an opposing party objected to it.

■ Finally, the Moyers assert that the water court's failure to expressly rule on their motion to enlarge created confusion, excusing their failure to file their Bill of Costs any sooner than they did. While C.R.C.P. 6(b) permits an act to be done upon a motion to enlarge made after the expiration of the specified period if the failure to act in time was the result of excusable neglect, no such motion was filed in the water court. To the extent that the Moyers' motion to reconsider could be construed as a C.R.C.P. 6(b) motion, despite its failure to expressly reference "excusable neglect" or the rule, it simply failed to allege grounds sufficient to mandate a finding of excusable neglect. *See Farmers Ins. Group v. District Court*, 181 Colo. 85, 507 P.2d 865 (Colo.1973). Unlike those instances of reliance upon an erroneous court order regarding filing deadlines, which have at times been considered excusable, *see, e.g., P.H. v. People*, 814 P.2d 909 (Colo.1991); *Tyler v. Adams County Dept. of Soc. Servs.*, 697 P.2d 29 (Colo.1985); *Converse v. Zinke*, 635 P.2d 882 (Colo.1981), the mere failure to act on a motion to enlarge, even under the circumstances of this case, does not necessarily excuse a failure to comply with the court's existing deadline or amount to an abuse of discretion. *Cf. Redden v. SCI Colo. Funeral*

---

**3.** Of course, nothing in this unremarkable proposition suggests that motions to substantively reconsider a judgment or ruling cannot, under some circumstances, toll the time for appealing that ruling. *See Id.; Munden v. Ultra–Alaska Assocs.*, 849 F.2d 383, 387 (9th Cir.1988).

*Servs., Inc.,* 38 P.3d 75 (Colo.2001)(rulings refusing to extend filing deadline reviewed only for abuse of discretion).

### III.

Because the Bill of Costs was not filed within the time ordered by the water court and the water court did not abuse its discretion in failing to permit a 20–month late filing, the order of the water court is affirmed.