2007 UT App 303

**Kenneth D. NEWMAN, Plaintiff and Appellant,**

v.

**WHITE WATER WHIRLPOOL and Bradley J. Sundquist, Defendants and Appellee.**

**No. 20061001–CA.**

Court of Appeals of Utah.

Sept. 20, 2007.

Paul C. Farr, Salt Lake City, for Appellant.

Robert W. Thompson, Salt Lake City, for Appellee.

Before BENCH, P.J., BILLINGS and DAVIS, JJ.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶ 1 Plaintiff Kenneth D. Newman appeals from the trial court's grant of summary judgment in favor of Defendant White Water Whirlpool (White Water). Plaintiff alleges that the court erred in deciding that, as a matter of law, White Water's employee, Bradley Sundquist, was acting outside the course and scope of his employment when he was involved in an automobile accident with Plaintiff. We reverse and remand.

■ ¶ 2 Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(c). We consider " 'the facts and all reasonable inferences drawn therefrom ... in the light most favorable to the nonmoving party' " and review the trial court's grant of summary judgment for correctness. *Massey v. Griffiths,* 2007 UT 10, ¶ 8, 152 P.3d 312 (quoting *Fericks v. Lucy Ann Soffe Trust,* 2004 UT 85, ¶ 2, 100 P.3d 1200).

■ ¶ 3 An employer may be held liable for the acts of an employee when the employee is acting within the course and scope of his or her employment. *See Ahlstrom v. Salt Lake City Corp.,* 2003 UT 4, ¶ 6, 73 P.3d 315. It is a question of fact whether an employee is acting within the scope of employment; indeed, "[s]cope of employment questions are inherently fact bound." *Id.* at ¶ 7 n. 1. The dissent seems to suggest, by stating that the scope of employment "is not infrequently an issue to be resolved by the fact-finder," that trial courts routinely decide the issue as a matter of law. However, the cases relied upon by the dissent all state that the general rule is to treat the scope of employment question as one of fact. *See id.* at ¶ 5; *Christensen v. Swenson,* 874 P.2d 125, 127 (Utah 1994); *Clover v. Snowbird Ski Resort,*

808 P.2d 1037, 1040 (Utah 1991). Further, "it is not true that once both parties move for summary judgment the court is bound to grant it to one side or another. The law is otherwise." *Diamond T Utah, Inc. v. Travelers Indem. Co.*, 21 Utah 2d 124, 441 P.2d 705, 706 (1968). The trial court is obligated to ascertain whether either party's request for judgment as a matter of law should be granted. *See id.* The court must recognize that a party's claim that there are no issues of fact relates to that party's theory of the case and should not be construed as support for the adversary's argument or motion. *See Amjacs Interwest, Inc. v. Design Assocs.*, 635 P.2d 53, 55 (Utah 1981).

■ ¶4 Utah courts use a three-part test to determine whether an employee is within the course and scope of his or her employment:

First, an employee's conduct must be of the general kind the employee is employed to perform.

Second, the employee's conduct must occur within the hours of the employee's work and the ordinary spatial boundaries of the employment.

Third, the employee's conduct must be motivated, at least in part, by the purpose of serving the employer's interest.[1]

*Birkner v. Salt Lake County*, 771 P.2d 1053, 1056–57 (Utah 1989).

■ ¶5 "[A]n employee is [generally] not in the scope of his employment for purposes of third-party negligence claims when he is traveling to and from work." *Whitehead v. Variable Annuity Life Ins. Co.*, 801 P.2d 934, 936 (Utah 1989). The primary purpose for this coming and going rule is to avoid imposing unlimited liability "on an employer for conduct of its employees over which it has no control and from which it derives no benefit." *Id.* at 937. Nevertheless, the "scope of employment issue must be submitted to a jury 'whenever reasonable minds may differ as to whether the [employee] was at a certain time involved wholly or partly in the performance of his [employer's]

business or within the scope of employment.'" *Clover*, 808 P.2d at 1040 (alterations in original) (quoting *Carter v. Bessey*, 97 Utah 427, 93 P.2d 490, 493 (1939)); *see also Ahlstrom*, 2003 UT 4 at ¶18, 73 P.3d 315 (reversing a grant of summary judgment and rejecting the trial court's determination that the employer was liable for employee's negligence as a matter of law).

■ ¶6 Looking at the facts of this case, and drawing inferences therefrom in a light most favorable to Plaintiff, a trier of fact could reasonably find that Sundquist was in the course and scope of his employment rather than merely commuting to work at the time of the accident. Sundquist's regular duties as White Water's employee included hauling materials to job sites, performing installations, and returning unused materials to White Water's warehouse. At the time of the accident, Sundquist was traveling to White Water's warehouse with installation tools and materials from the previous day's work. White Water was aware that Sundquist regularly spent the night at his Salt Lake County home prior to making his return trip to the Utah County warehouse.

¶7 Reasonable minds might differ as to whether Sundquist was acting in the course and scope of his employment at the time of the accident, and thus the question presents a genuine issue of material fact. We therefore reverse the summary judgment and remand the case for further proceedings.

¶8 I CONCUR: JUDITH M. BILLINGS, Judge.

DAVIS, Judge (dissenting):

¶9 I agree with the majority that summary judgment is permitted only when "there is no genuine issue as to any material fact," Utah R. Civ. P. 56(c), but add that the burden is on the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶31, 54 P.3d 1054.

---

1.  The dissent states that both sides have claimed, from the beginning, that there are no disputed facts. This is true only as it relates to historical facts. Despite what the parties may have

claimed in arguing their respective motions for summary judgment, the parties have not agreed on an answer to the central factual questions in this case.

¶ 10 There are no factual disputes between parties in this matter, save for the ultimate issue of whether Sundquist was acting within the course and scope of his employment when the accident occurred. Newman agrees. In his brief, he states:

This case involves a claim for personal injuries arising from an auto accident *where the primary issue, for purposes of this appeal, is whether the tortfeasor was within the course and scope of his employment at the time of the accident.* Newman, the Plaintiff, brought suit against the tortfeasor, Sundquist, and his employer, White Water.

*The material facts in this case were undisputed.* Therefore, Newman filed a motion for partial summary judgment arguing that Sundquist was in the course and scope of his employment as a matter of law. White Water filed a cross-motion for summary judgment arguing that he was not, and that Newman's claims against White Water should be dismissed.

(Emphasis added.) White Water confirms this assertion stating, "White Water does not include a Statement of the Case because it is satisfied with Newman's statement." Perhaps most importantly, the trial court noted in its August 2, 2006 Memorandum Decision that:

[D]uring oral argument, counsel agreed that there are *no factual disputes* presented by their dual [m]otions and that the [c]ourt can determine, *as a matter of law,* whether defendant Sundquist was acting within the course and scope of his employment at the time of the accident which is the subject of this action.

(Emphasis added.)

¶ 11 I also agree that the ultimate question of whether an employee is acting within the scope of his or her employment is not infrequently an issue to be resolved by the factfinder, *see Ahlstrom v. Salt Lake City Corp.,* 2003 UT 4, ¶ 5, 73 P.3d 315; *Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1040 (Utah 1991), and that cross motions for summary judgment do not normally bar the losing party from arguing the existence of fact issues on appeal. Nonetheless, I think, as did the trial court and both parties' counsel (at trial and on appeal), that "when the employee's activity is so clearly within or outside the scope of employment that reasonable minds cannot differ, the court may decide the issue as a matter of law." *Christensen v. Swenson,* 874 P.2d 125, 127 (Utah 1994) (citing *Clover,* 808 P.2d at 1040; *Birkner v. Salt Lake County,* 771 P.2d 1053, 1057 (Utah 1989)).

¶ 12 The application of the *Birkner* test, *see* 771 P.2d at 1056–57, relied upon by the majority, establishes that the scope of employment issue be decided on summary judgment. Sundquist's actions fail all three of the *Birkner* criteria. He was not performing acts that were within his job description, he was not within the ordinary spatial bounds of his employment, and most importantly, his conduct in no way benefitted his employer. As the trial court determined, Sundquist was unequivocally outside the scope of his employment when the accident occurred. "Mr. Sundquist was not acting within the course and scope of his employment at the time of the accident. Mr. Sundquist was going to work at the time of the accident and therefore falls within the clear ambit of the coming and going rule."

¶ 13 Similarly, in addition to pursuing cross motions for summary judgment on the scope of employment issue, at oral argument on the motions, both Newman and White Water clearly and affirmatively agreed that the court should decide the issue as a matter of law. The court ruled exactly as requested and decided in favor of White Water. Now, Newman, displeased with the ruling, appeals on grounds that summary judgment was inappropriate and that scope of employment is a factual issue. Because the trial court's ruling was based on Newman's consent to its disposition, the invited error doctrine should preclude this court from reaching that point.

¶ 14 The invited error doctrine prohibits a party from "taking 'advantage of an error committed at trial when that party led the trial court into committing the error,'" *Tschaggeny v. Milbank Ins. Co.,* 2007 UT 37, ¶ 12, 163 P.3d 615 (quoting *State v. Winfield,* 2006 UT 4, ¶ 15, 128 P.3d 1171) (further quotations and citation omitted), and from reaping "both the benefit of not objecting at

trial and the benefit of objecting on appeal," *Pratt v. Nelson,* 2007 UT 41, ¶ 17, 164 P.3d 366. " 'Affirmative representations that a party has no objection to the proceedings fall within the scope of the invited error doctrine because such representations reassure the trial court and encourage it to proceed without further consideration of the issues.' " *Tschaggeny,* 2007 UT 37 at ¶ 12, 163 P.3d 615 (quoting *Winfield,* 2006 UT 4 at ¶ 16, 128 P.3d 1171).

¶ 15 *Tschaggeny v. Milbank Insurance Co.,* 2007 UT 37, 163 P.3d 615, provides a clear example of how the invited error doctrine may be applied to a procedural matter in a civil case. There, the defendant filed a motion in limine with the trial court, asking it to prevent the plaintiff from submitting evidence as to medical expenses she incurred through an automobile accident that had since been written off. *See id.* at ¶ 4. The plaintiff did not respond to the motion. *See id.* Months later, at a pretrial hearing, the court considered the issue. *See id.* At that time, the plaintiff was asked whether she opposed the motion, and her counsel responded in the affirmative. *See id.* However, the plaintiff's counsel subsequently agreed that " 'the way this has been presented by the defense makes sense and probably does not need an opposition.' " *Id.* The court then granted the defendant's motion from the bench. *See id.* On the eve of trial, the plaintiff presented the court with a motion to reconsider its ruling on the motion in limine, which was denied as being untimely. *See id.* at ¶ 5.

¶ 16 On appeal, the Utah Supreme Court refused to consider whether the trial court's granting of the defendant's motion in limine was proper, because "Tschaggeny's counsel invited that result." *Id.* at ¶ 12. The court maintained:

> At the hearing on the motion in limine, Tschaggeny's counsel essentially stipulated that it be granted.... Thus, despite his initial opposition to the motion, in the end, counsel for Tschaggeny clearly communicated his agreement for the relief ordered. To the extent the trial judge committed any legal error in granting the motion, she was invited to do so by Tschaggeny's own

counsel. Under the invited error doctrine, it would be inappropriate to reverse the trial court for a decision that it was invited to make by the party now attempting to renege on that invitation.

*Id.* at ¶ 13.

¶ 17 Therefore, because reasonable minds could not differ as to whether Sundquist was within the course and scope of his employment, and because the parties instructed the trial court to decide the issue as a matter of law, I would affirm the ruling below.