2008 UT 79

**Kenneth D. NEWMAN, Plaintiff and Respondent,**

v.

**WHITE WATER WHIRLPOOL and Bradley J. Sundquist, Defendants and Petitioner.**

No. 20070859.

Supreme Court of Utah.

Nov. 14, 2008.

Paul C. Farr, Sara N. Becker, Salt Lake City, for respondent.

Robert W. Thompson, Salt Lake City, for petitioner.

WILKINS, Justice:

¶ 1 We have been asked to determine whether a divided panel of the court of appeals erred in reversing the trial court's grant of summary judgment to White Water Whirlpool. We affirm.

### BACKGROUND

¶ 2 In 2004, Bradley Sundquist was working as an installer for White Water Whirlpool (White Water), a company that manufactures, sells, and installs a variety of marble products, countertops, and tile. As part of his employment, Sundquist was required to travel from his home in Salt Lake County to White Water's offices in Utah County each day. There he would pick up materials and supplies and obtain a list of daily job assignments before reporting to various job sites. Sundquist's job responsibilities also included transporting White Water's products to the job sites, as well as returning any unused materials to White Water's warehouse. Because many of the jobs were in or around Salt Lake County, where Sundquist lived, and because he usually worked late in the day, Sundquist would often return home with the unused materials after work and take them with him the next morning when he reported for work at White Water's offices in Utah County.

¶ 3 At approximately five o'clock in the morning on June 29, 2004, Kenneth Newman was driving southbound on Interstate 15. Sundquist, who was on his way to White Water's offices in a truck and trailer he personally owned, collided with Newman.[1] Both Newman and his passenger were

---

1. Newman subsequently settled with Sundquist's insurance provider and Sundquist is not a party to this appeal.

thrown from the car, and Newman's passenger died as a result. Newman suffered extensive injuries, including broken bones and a severe traumatic brain injury.

¶ 4 Newman subsequently filed suit, alleging that Sundquist was in the course and scope of his employment at the time of the accident and that White Water should be vicariously liable for his injuries. The parties filed cross-motions for summary judgment. At the hearing on the cross-motions for summary judgment, counsel for both parties represented to the trial court that there were no disputed issues of fact and that the trial court could rule as a matter of law. The trial court ultimately determined that, as a matter of law, Sundquist was not acting within the course and scope of his employment at the time of the accident. Accordingly, the trial court concluded, Sundquist fell squarely within the ambit of the coming and going rule. Relying on *Ahlstrom v. Salt Lake City Corp.*, 2003 UT 4, 73 P.3d 315, the trial court reasoned that to hold otherwise "would render the coming and going rule obsolete" and would also unreasonably expand liability for employers. Accordingly, the trial court granted White Water's motion for partial summary judgment and denied Newman's motion for the same.

¶ 5 Newman appealed. A divided panel of the court of appeals reversed and held that summary judgment was improper because "[r]easonable minds might differ as to whether Sundquist was acting in the course and scope of his employment at the time of the accident, and thus the question presents a genuine issue of material fact." *Newman v. White Water Whirlpool*, 2007 UT App 303, ¶ 7, 169 P.3d 774. White Water appealed, and this court granted certiorari.

## STANDARD OF REVIEW

■ ¶ 6 This court reviews the court of appeals' decisions for correctness. *See Pratt v. Nelson*, 2007 UT 41, ¶ 12, 164 P.3d 366.

## ANALYSIS

¶ 7 White Water and Newman ultimately disagree about whether, at the time of the accident, Sundquist was in the course and scope of his employment or whether he was merely commuting to work, thus falling within the purview of the coming and going rule.[2] More specifically, however, the parties disagree about whether the court of appeals erred when it determined that a genuine issue of material fact existed—thus reversing the trial court's grant of summary judgment—because reasonable minds could differ about whether Sundquist was acting in the course and scope of his employment at the time of the accident. We conclude that reasonable minds could differ and therefore affirm.

### I. COURSE AND SCOPE OF EMPLOYMENT

■ ¶ 8 Under the doctrine of respondeat superior, an employer may be held vicariously liable for the acts of its employee if the employee is in the course and scope of his employment at the time of the act giving rise to the injury. *See Christensen v. Swenson*, 874 P.2d 125, 127 (Utah 1994). As an exception to the general rule, however, "an employee is not acting within the course and scope of his employment when he is traveling in his own automobile to and from work." *Whitehead v. Variable Annuity Life Ins. Co.*, 801 P.2d 934, 935 (Utah 1989). This exception is known as the "coming and going rule," and the public policy underpinnings justifying the rule are clear: it is inherently unfair to penalize an employer by "impos[ing] unlimited liability . . . for [the] conduct of its employees over which it has no control and from which it derives no benefit." *Id.* at 937.

■ ¶ 9 To determine whether an employee is in the course and scope of his employment, Utah courts apply a three-part test. First, an employee's conduct must be of the general kind the employee is employed to perform. . . . Second, the employee's

2. The parties also disagree about whether, under the invited error doctrine, Newman should be precluded from arguing on appeal that whether Sundquist was within the scope of his employ-

ment was a fact question that should have been sent to the jury. The applicability of the invited error doctrine is discussed in more detail in Section II.

conduct must occur within the hours of the employee's work and the ordinary spatial boundaries of the employment. Third, the employee's conduct must be motivated, at least in part, by the purpose of serving the employer's interest.

*Birkner v. Salt Lake County,* 771 P.2d 1053, 1056–57 (Utah 1989) (internal citations omitted).

¶ 10 Whether an employee is in the course and scope of his employment under the *Birkner* test presents a question of fact for the fact-finder. Indeed, "[s]cope of employment questions are inherently fact bound." *Ahlstrom v. Salt Lake City Corp.,* 2003 UT 4, ¶ 7 n. 1, 73 P.3d 315. Accordingly, "scope of employment issue[s] *must* be submitted to a jury 'whenever reasonable minds may differ as to whether the [employee] was at a certain time . . . within the scope of employment.'" *Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1040 (Utah 1991) (quoting *Carter v. Bessey,* 97 Utah 427, 93 P.2d 490, 493 (1939)) (emphasis added) (second alteration in original). Summary judgment is proper, then, only "when the employee's activity is so clearly within or outside the scope of employment that reasonable minds cannot differ." *Christensen v. Swenson,* 874 P.2d 125, 127 (Utah 1994).

¶ 11 In determining whether reasonable minds might differ about whether an employee is within the course and scope of his employment, the standard to be applied is an objective one. In other words, the standard is not whether *these parties'* minds differ—which they obviously do—but whether reasonable jurors, having been properly instructed by the trial court, would be unable to come to any other conclusion regarding the employee's conduct. If no reasonable juror could come to any other conclusion, summary judgment is appropriate. If, however, reasonable jurors might differ about whether the employee's actions fell within the course and scope of his employment, summary judgment is improper and the issue should go to the jury for determination.

¶ 12 In this case, the trial court determined that reasonable minds could not disagree that Sundquist was commuting at the time of the accident and granted summary judgment in favor of White Water. In reversing summary judgment, the court of appeals concluded that reasonable minds in fact *could* differ as to whether Sundquist was in the scope of his employment or whether he was commuting, thus creating a material issue of fact for the jury to decide. We agree with the court of appeals. Sundquist's regular job responsibilities included hauling materials to various job sites, installing the materials, and then *returning* the remainder of the materials to White Water's warehouse. Reasonable minds, therefore, could differ as to whether Sundquist was actually returning materials to White Water—an act that would bring him within the course of his employment—or whether he was simply commuting to work, or perhaps both. Accordingly, an issue of material fact remained, and it should have been submitted to a jury for determination of whether Sundquist was "involved wholly or partly in the performance of his master's business or within the scope of his employment." *Carter,* 93 P.2d at 493.

## II. INVITED ERROR DOCTRINE

¶ 13 White Water also argues that the invited error doctrine precludes Newman's claim on appeal that the scope of employment question should have gone to the jury because counsel affirmatively represented to the trial court that the material facts were undisputed and urged it to rule as a matter of law. We disagree.

¶ 14 The invited error doctrine prohibits parties from "taking advantage of an error committed at trial when that party led the trial court into committing the error." *Tschaggeny v. Milbank Ins. Co.,* 2007 UT 37, ¶ 12, 163 P.3d 615 (internal quotation marks omitted). "Affirmative representations that a party has no objection to the proceedings fall within the scope of the invited error doctrine because such representations reassure the trial court and encourage it to proceed without further consideration of the issues." *Id.* (internal quotation marks omitted).

¶ 15 It is true that in this case, counsel for both parties affirmatively told the

trial court that no material factual issues existed and encouraged it to rule as a matter of law. We note, however, that simply because opposing parties have both moved for summary judgment does not mean that a trial court is required to grant it to one side or the other. *See Diamond T Utah, Inc. v. Travelers Indem. Co.*, 21 Utah 2d 124, 441 P.2d 705, 706 (1968). Instead, "[t]he trial court is obligated to ascertain whether either party's request for judgment as a matter of law should be granted." *Newman v. White Water Whirlpool*, 2007 UT App 303, ¶ 3, 169 P.3d 774. In other words, simply because a party claims there are no disputed factual issues does not relieve the trial court of its obligation to determine whether the issue is actually proper for summary judgment. *See id.* In fact, "[t]he [trial] court must recognize that a party's claim that there are no issues of fact relates to that party's theory of the case and should not be construed as support for the adversary's argument or motion." *Id.*

¶ 16 The parties in this case agreed that the subsidiary and historical facts were not in question. They did not, however, agree about the ultimate factual determination—whether Sundquist was within the scope and course of his employment. As the court of appeals aptly stated, "[d]espite what the parties may have claimed in arguing their respective motions for summary judgment, the parties have not agreed on an answer to the central factual questions in this case." *Id.* ¶ 4 n. 1, 169 P.3d 774. Accordingly, the invited error doctrine does not apply.

### CONCLUSION

¶ 17 We conclude that the court of appeals correctly reversed the trial court's grant of summary judgment to White Water because reasonable minds could differ about whether Sundquist was in the course and scope of his employment at the time of the accident. We also conclude that the invited error doctrine is inapplicable. We therefore affirm.

¶ 18 Chief Justice DURHAM, Justice PARRISH, Justice NEHRING, and Judge BALDWIN concur in Justice WILKINS' opinion.

¶ 19 Having disqualified himself, Associate Chief Justice DURRANT does not participate herein; District Judge PARLEY R. BALDWIN sat.