2008 UT App 112

**Maria D. DURAN, Petitioner,**

v.

**LABOR COMMISSION, Shoney's Restaurant, and Wausau Insurance Company, Respondents.**

No. 20061122–CA.

Court of Appeals of Utah.

April 3, 2008.

Virginius Dabney, St. George, for Petitioner.

Michael E. Dyer, Kristy L. Bertelsen, and Alan L. Hennebold, Salt Lake City, for Respondents.

Before THORNE, Associate P.J., BENCH and DAVIS, JJ.

## OPINION

BENCH, Judge:

¶ 1 Petitioner Maria D. Duran seeks judicial review of the Utah Labor Commission's (the Commission) order declining to set aside an administrative law judge's (the ALJ) entry of Petitioner's default and subsequent decision denying her additional workers' compensation benefits. We conclude that Petitioner failed to establish any of the conditions rule 60(b) of the Utah Rules of Civil Procedure requires in order to set aside a judgment. Further, because the ALJ determined the merits of Petitioner's claim in accordance with Utah Code section 63–46b–11(4)(a), the Commission's action was a proper and final determination on the merits. We therefore affirm.

## BACKGROUND

¶ 2 In January 2004, Petitioner filed an application for a hearing with the Commission in which she sought additional workers' compensation benefits arising from an alleged injury she suffered while working for Shoney's Restaurant (Shoney's).[1] In March 2004, Shoney's filed an answer denying Petitioner's alleged injuries. Then, in January 2005, the ALJ set April 26, 2005, as the hearing date for this matter. The hearing was scheduled for a half-day and was to take place in St. George. Petitioner repeatedly asked the ALJ to reschedule the hearing for a full day, but the ALJ declined each request. On April 8, 2005, Shoney's filed a motion to exclude Petitioner's expert witness from the upcoming hearing, allegedly because the expert had not been timely disclosed and had not been made available for a prehearing deposition. After receiving no answer or communication from Petitioner concerning the motion to exclude her expert witness, the ALJ granted the motion on April 22, 2005, and ruled that the witness would not be allowed to testify.

¶ 3 Sometime in the afternoon of April 25, 2005, the day before the hearing was scheduled, Petitioner faxed a letter to the ALJ purporting to withdraw her application for a hearing and notifying the ALJ that she would soon refile her application so that the recently excluded expert witness could testify. By the time the letter was faxed, the ALJ had left her Salt Lake City office for the hearing in St. George, so she did not receive notice of the fax until the morning of the hearing. Counsel for Shoney's had also traveled to St. George from Salt Lake City before learning of Petitioner's purported withdrawal.

¶ 4 On April 26, 2005, at the scheduled time, the ALJ began the hearing in St. George by explaining Petitioner's so-called withdrawal. Treating the faxed letter as a motion to withdraw, the ALJ allowed a response from opposing counsel. Shoney's opposed the motion for its "eleventh hour" timing, for Petitioner's failure to properly notify all interested parties before travel expenses were incurred, and for the prejudice that a delay could cause Shoney's because the restaurant in question was due to be shut down in the coming weeks. The closing of the restaurant, counsel for Shoney's claimed, would make it significantly harder to produce certain physical evidence and would limit access to witnesses who would no longer be working for Shoney's. For these reasons, and because neither Petitioner nor her counsel appeared for the scheduled hearing despite their both residing in St. George, the ALJ entered Petitioner's default. The ALJ then conducted an evidentiary hearing on the merits of Petitioner's claims in an attempt to "complete the adjudicative proceeding" and "determine all issues ..., including those affecting the defaulting party." Utah Code Ann. § 63–46b–11(4)(a) (2004). Shoney's presented physical evidence, co-worker testimony, and medical records in arguing against Petitioner's claim for benefits. Based on the evidence presented at the hearing, the ALJ denied Petitioner's claim for further benefits.

¶ 5 Petitioner subsequently filed a Motion for Review, claiming that she had an absolute right to withdraw her application at any time. The ALJ treated the Motion for Review as one to set aside the default, noting that, statutorily, the only type of review available

1. Petitioner received some workers' compensation benefits in connection with this same alleged injury and sought to increase those benefits through this action.

was for the presiding officer, in this case the ALJ, to consider setting aside the entry of default and subsequent adjudication in accordance with the Utah Rules of Civil Procedure.[2] The ALJ denied the motion, stating that there were no justifiable grounds upon which to set aside the judgment. The ALJ ruled that Petitioner's argument—that the ALJ's failure to quickly respond to the faxed letter led Petitioner to believe that the hearing was canceled—did not constitute a valid reason under the Utah Rules of Civil Procedure for setting aside the judgment. Further, the ALJ stated that Petitioner's "last minute attempt at withdrawal was clearly an attempt to force the ALJ into canceling the hearing despite the earlier rulings denying a continuance."

¶ 6 Pursuant to Utah Code section 63–46b–11(3)(c), Petitioner next sought agency review of the ALJ's decision. The Commission affirmed the ALJ's decision denying Petitioner's motion to set aside the judgment. In so ruling, the Commission did not accept Petitioner's claim that her belief in the so-called absolute right to withdraw led to a mistake of the kind for which the judgment could be set aside. Petitioner now asks this court to review the Commission's decision.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 7 Petitioner argues that the Commission erred by not setting aside the judgment entered against her by the ALJ. According to the Utah Rules of Civil Procedure, upon which the Commission was obligated to base its review, see Utah Code Ann. § 63–46b–11(3)(a), a judgment may be set aside "in accordance with [r]ule 60(b)," Utah R. Civ. P. 55(c). "[T]he Commission[ ] has 'considerable discretion under [r]ule 60(b) in granting or denying a motion to set aside a [default] judgment' and for this court to interfere, 'abuse of that discretion must be clearly shown.'" *Black's Title, Inc. v. Utah State Ins. Dep't,* 1999 UT App 330, ¶ 5, 991 P.2d 607 (fourth alteration in original) (quoting *Katz v. Pierce,* 732 P.2d 92, 93 (Utah 1986)).

**2.** The Utah Administrative Procedures Act states that "[a] defaulted party may seek to have the agency set aside the default order, and any order in the adjudicative proceeding issued subsequent

## ANALYSIS

### I. Default

■■■ ¶ 8 Petitioner argues that the Commission should have set aside the default entered against her. Utah's Administrative Procedures Act (UAPA) states that "[t]he presiding officer may enter an order of default against a party if ... a party to a formal adjudicative proceeding fails to attend or participate in a properly scheduled hearing after receiving proper notice." Utah Code Ann. § 63–46b–11(1)(b) (2004). "A defaulted party may seek to have the agency set aside the default order, and any order in the adjudicative proceeding issued subsequent to the default order, by following the procedures outlined in the Utah Rules of Civil Procedure." *Id.* § 63–46b–11(3)(a). Such "[a] motion to set aside a default and any subsequent order shall be made to the presiding officer," *id.* § 63–46b–11(3)(b), and a defaulted party may seek agency review "only on the decision of the presiding officer on the motion to set aside the default," *id.* § 63–46b–11(3)(c). Under rule 60(b) of the Utah Rules of Civil Procedure, which is expressly designated by rule 55(c) as containing the conditions under which a party may be relieved from a default order, trial courts may set aside a final order for "mistake, inadvertence, surprise, ... excusable neglect; ... newly discovered evidence, ... fraud ... or ... any other reason justifying relief from the operation of the judgment." Utah R. Civ. P. 60(b). We grant state agencies the same deference we afford trial courts in setting aside default orders because UAPA has expressly incorporated the Utah Rules of Civil Procedure as the guidelines for state agencies in dealing with motions to set aside default orders. *See Black's Title, Inc.,* 1999 UT App 330, ¶ 5, 991 P.2d 607. Therefore, we will afford the Commission's decision the same "considerable discretion" afforded other adjudicative bodies in setting aside default orders. *Id.* (internal quotation marks omitted).

to the default order, by following the procedures outlined in the Utah Rules of Civil Procedure." Utah Code Ann. § 63–46b–11(3)(a) (2004).

¶ 9 Here, Petitioner failed to attend a hearing that had been scheduled for more than three months. Petitioner does not claim, nor does the record reflect, any deficiency in the notice of the date of the hearing or that Petitioner received any notification that the hearing had been canceled. Petitioner claims that she was justified in not attending the hearing solely because of her faxed letter purporting to withdraw. The faxed letter, Petitioner contends, negated the necessity of the hearing because there was no longer a claim for the ALJ to adjudicate. Not only did the faxed letter fail to reach the ALJ prior to the day of the hearing, but Petitioner also failed to provide a copy of the notice to counsel for Shoney's before he departed for the hearing. Shoney's was prepared to go forward with witnesses and physical evidence on the day of the scheduled hearing and argued against any delay as costly and prejudicial to its case.

¶ 10 The ALJ's order refusing to set aside Petitioner's default, which was expressly affirmed by the Commission's subsequent review, states that the reasons offered by Petitioner for not attending the properly scheduled hearing did not constitute mistake, inadvertence, excusable neglect, or any other reason justifying relief from the operation of the judgment. *See* Utah R. Civ. P. 60(b). Because the faxed letter included an express statement of Petitioner's intention to refile in the near future, the ALJ characterized it as an attempt to "force the ALJ" to reschedule the hearing despite earlier rulings denying a continuance.

¶ 11 Given the eleventh-hour nature of Petitioner's attempt to withdraw, the potential prejudice and cost to Shoney's of continuing the hearing due to Petitioner's absence, and the lack of a justifiable excuse for Petitioner's failure to attend the hearing under rule 60(b) of the Utah Rules of Civil Procedure, the Commission did not abuse its discretion in denying Petitioner's request to set aside the judgment.

## II. The Commission's Dismissal with Prejudice

¶ 12 Petitioner claims that it was an abuse of discretion for the ALJ, and subsequently the Commission, to dismiss her claims with prejudice. In adjudicative proceedings "that ha[ve] other parties besides the party in default, the presiding officer *shall*, after issuing the order of default, conduct any further proceedings necessary to complete the adjudicative proceeding without the participation of the party in default and *shall* determine all issues ... including those affecting the defaulting party." Utah Code Ann. § 63–46b–11(4)(a) (emphases added).

¶ 13 Once the ALJ entered the default against Petitioner for failing to attend and participate in the properly scheduled hearing, the ALJ was obligated to go forward with the hearing to determine the issues, including the viability of Petitioner's claim for benefits. *See id.* At the hearing, the ALJ considered physical evidence, including medical reports, concerning Petitioner's claim. The ALJ ruled that Petitioner was entitled to no further benefits. This ruling was a determination on the merits of Petitioner's claims. Under Utah Code section 63–46b–11(4)(a), such a decision on the merits, even on issues concerning the defaulting party, was mandated and the ALJ was required to conduct the hearing as she did.

## CONCLUSION

¶ 14 We agree with the Commission that Petitioner's attempt to withdraw her application for a hearing at the eleventh-hour and her subsequent failure to appear at the scheduled hearing in the venue where she and her counsel reside do not constitute a valid reason under rule 60(b) for relieving Petitioner from the default order. When Petitioner failed to appear at the hearing, the ALJ properly went forward with the hearing and adjudicated all the issues before it.

¶ 15 We therefore affirm the decision of the Commission.

¶ 16 WE CONCUR: JAMES Z. DAVIS, Judge and WILLIAM A. THORNE JR., Associate Presiding Judge.