2015 UT App 69

# THE UTAH COURT OF APPEALS

AARON W. ZUNDEL, ZACHARY D. TAFT, AND STEVEN L. STOOKEY,
Plaintiffs, Appellants, and Cross-appellees,

*v.*

SCHAFER D. MAGANA; LEGACY TOWING, INC.; LEGACY TOWING
HOLDINGS, LLC; DAN MAGANA; ASAP TOWING; AND ASAP
TOWING RECOVERY,
Defendants, Appellees, and Cross-appellants.

Opinion
No. 20130210-CA
Filed March 26, 2015

Third District Court, Salt Lake Department
The Honorable Paul G. Maughan
No. 120902064

H. Dennis Piercey, Attorney for Appellants

Heather L. Thuet and Nathan R. White, Attorneys
for Appellees

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and JOHN A. PEARCE concurred.

CHRISTIANSEN, Judge:

¶1 Plaintiffs Aaron W. Zundel, Zachary D. Taft, and Steven L. Stookey appeal from the district court's order granting summary judgment to Defendants Schafer D. Magana; Legacy Towing, Inc.; Legacy Towing Holdings, LLC; Dan Magana; ASAP Towing; and ASAP Towing Recovery (collectively, Legacy) and denying Plaintiffs' motion for summary judgment. Legacy cross-appeals from the district court's denial of its motion requesting attorney fees. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

BACKGROUND

¶2     Legacy is authorized to tow the vehicles of those who park in the lot of, but who are not customers of, businesses located at the 33rd Street Station shopping complex in South Salt Lake City.[1] On the evening of March 16, 2012, Legacy towed Plaintiffs' vehicles from the 33rd Street Station parking lot after Plaintiffs allegedly parked in the lot but did not frequent any of the businesses at the complex. Before allowing Plaintiffs to retrieve their towed vehicles, Legacy charged Plaintiffs numerous fees, including a towing fee, a storage fee, an administrative fee, and a fuel-surcharge fee. Legacy also charged two of the Plaintiffs an after-hours fee for retrieval of their vehicles outside Legacy's normal business hours.

¶3     Plaintiffs brought suit against Legacy, alleging that its towing of their vehicles and the fees charged for the return of their vehicles amounted to deceptive or unconscionable acts or practices under the Utah Consumer Sales Practices Act (UCSPA). Plaintiffs also alleged that Legacy violated the federal Fair Debt Collection Practices Act (FDCPA) and that Legacy's refusal to return Plaintiff Zundel's vehicle without payment of the required fees constituted conversion. Legacy subsequently filed a motion for summary judgment, and Plaintiffs filed a cross-motion for summary judgment. The district court, without holding a hearing on the motions, granted Legacy's motion and denied Plaintiffs' motion. After the district court issued its ruling, Plaintiffs moved for reconsideration and Legacy filed a motion requesting attorney fees

---

1. 33rd Street Station is located on the southeast corner of 3300 South and State Street in South Salt Lake City. There are a few fast-food restaurants contained within 33rd Street Station, and the parking lot is limited for the use of those customers who frequent those businesses. Across 3300 South to the north is a large movie theater with limited parking, and directly to the south of 33rd Street Station is a restaurant whose customers are not allowed to use 33rd Street Station's parking lot.

pursuant to the attorney-fee provisions of the UCSPA and the FDCPA. The district court denied both motions. Plaintiffs appeal from the district court's summary judgment rulings. Legacy cross-appeals from the district court's order denying its request for attorney fees.

ISSUES AND STANDARDS OF REVIEW

¶4     Plaintiffs argue that the district court erred by granting summary judgment to Legacy, because the court noted the existence of a disputed factual issue that Plaintiffs contend is material. Plaintiffs assert that this error was exacerbated by the court's refusal to hold a hearing on the summary judgment motions pursuant to rule 7(e) of the Utah Rules of Civil Procedure. We review a district court's "grant or denial of summary judgment for correctness." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted). The question of whether the court erred in granting summary judgment without a hearing is governed by rule 7 of the Utah Rules of Civil Procedure. *See Price v. Armour*, 949 P.2d 1251, 1254 (Utah 1997). "To the extent this issue requires us to interpret rules of civil procedure, it 'presents a question of law which we review for correctness.'" *Harris v. IES Assocs., Inc.*, 2003 UT App 112, ¶ 25, 69 P.3d 297 (quoting *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 42, 989 P.2d 1077). We therefore review the district court's decision not to hold a hearing for correctness. *Price*, 949 P.2d at 1254; *Harris*, 2003 UT App 112, ¶ 25.

¶5     Plaintiffs also challenge the district court's determination that Legacy's charging and collection of the after-hours fees, administrative fees, and fuel-surcharge fees did not constitute UCSPA and FDCPA violations. However, because we reverse the district court's order granting Legacy's motion for summary judgment and because a hearing on summary judgment may illuminate issues that affect the district court's analysis of these claims, we do not reach the merits of this argument.

¶6      Finally, in its cross-appeal, Legacy argues that the district court abused its discretion by denying its request for an award of attorney fees under the UCSPA and the FDCPA. Both statutes provide that a court "may award" attorney fees only if the court makes certain findings. *See* Utah Code Ann. § 13-11-19(5) (LexisNexis 2009); 15 U.S.C. § 1692k(a)(3) (2012). We review for correctness the district court's determination that the "legal prerequisites for awarding attorney fees" were not met. *Still Standing Stable, LLC v. Allen*, 2005 UT 46, ¶ 8, 122 P.3d 556. The question of whether an action was brought in bad faith is a question of fact, and we review the district court's finding for clear error. *Id.*

ANALYSIS

## I. The District Court Erred by Not Holding a Hearing on the Parties' Summary Judgment Motions.

### A.      The Existence of a Potential Material Factual Issue

¶7      "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Orvis v. Johnson*, 2008 UT 2, ¶ 13, 177 P.3d 600 (quoting Utah R. Civ. P. 56(c)). In its order granting Legacy's motion for summary judgment and denying Plaintiffs' motion for summary judgment, the district court stated that it is "undisputed that all three plaintiffs parked their vehicles at 33rd Street Station, but were not customers of 33rd Street Station." However, the court included a footnote to that statement in which the court recognized "[t]here is an issue about whether parking signs adequately informed individuals about which businesses comprised 33rd Street Station." The parties' motions and supporting affidavits confirm the existence of this factual issue.

¶8      In its memorandum in support of its motion for summary judgment, Legacy stated that it was undisputed that the "parking stalls in 33rd Street Station are for customers of 33rd Street Station." To support this factual assertion, Legacy attached to its memorandum the sworn declaration of Schafer Magana, president of Legacy Towing, Inc., indicating that the parking stalls at the 33rd Street Station parking lot are reserved exclusively for the customers of that shopping complex. Legacy also quoted in its memorandum the exact language used on the numerous signs posted at the 33rd Street Station parking lot on the night Legacy towed Plaintiffs' vehicles. Legacy attached photographs of those signs that clearly read:

> 33RD St. Station PARKING ONLY
> Violators will be TOWED at owners expense.
> TOWING ENFORCED by Legacy Towing, Inc.

¶9      In their collective memorandum opposing Legacy's motion for summary judgment and supporting their collective motion for summary judgment, Plaintiffs responded to Legacy's factual assertions regarding the sign by stating that "it was unclear from the signs and the surrounding area which businesses comprise '33rd Street Station.'" This factual issue is potentially material to Legacy's motion for summary judgment on Plaintiffs' second cause of action—Plaintiffs' claim that Legacy's conduct in placing ambiguous signage "insufficient to warn customers what areas of the parking lot service which surrounding buildings" was unconscionable.[2]

---

2.   In its motion for summary judgment, Legacy addressed Plaintiffs' claim that the fees Legacy charged violated the UCSPA but did not address the other claims alleged in Plaintiffs' second cause of action. Thus, this factual issue was not material to the legal arguments Legacy *actually* made in its motion for summary judgment, but it may be material to Plaintiffs' claim that Legacy acted unconscionably.

¶10    Each of the Plaintiffs attached to the summary judgment memorandum sworn declarations supporting the response to Legacy's motion for summary judgment, stating that "the signage posted did not explain which businesses were part of the complex." "[I]t only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact." *Draper City v. Estate of Bernardo*, 888 P.2d 1097, 1101 (Utah 1995) (citation and internal quotation marks omitted); *accord Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 32, 116 P.3d 323. The district court observed that there was a genuine factual issue as to whether the signage at the 33rd Street Station adequately notified individuals parking there which businesses in this busy commercial area comprised that shopping complex. Yet "the mere existence of issues of fact does not preclude summary judgment. The issues of fact must be material to the applicable rule of law." *Norton v. Blackham*, 669 P.2d 857, 859 (Utah 1983). Thus, our inquiry would normally turn to the question of whether the factual issue concerning the adequacy of the signage was material to the governing law in this case. However, for the reasons discussed below, we are unable to reach this step of the analysis.

¶11    After recognizing that "[t]here is an issue about whether parking signs adequately informed individuals about which businesses comprised 33rd Street Station," the district court stated that "the plaintiffs acknowledge that this dispute is not material." However, the court provided no additional explanation or analysis as to the materiality of the signage issue. Rather, it appears the court based its materiality determination entirely upon assertions made by Plaintiffs in their summary judgment memorandum.

¶12    While it is true that Plaintiffs asserted in their summary judgment memorandum that the signage issue was not material, they argue that their concession was in reference to their own motion for summary judgment and not Legacy's motion. "In context," argue Plaintiffs, "the district court should have understood [Plaintiffs'] argument to be that those material facts presented by [Legacy], though disputed, were not material *to*

[*Plaintiffs'*] *motion for summary judgment* because [Plaintiffs] contended that, even were the tow reasonable, they still were entitled to prevail due to the towing companies charging an illegal amount, valid tow or not." Plaintiffs maintain that the signage issue was indeed material to Legacy's motion for summary judgment because that issue was directly related to the "claimed justification for the tow" and whether Legacy acted unconscionably in placing ambiguous signs in the lot in violation of the UCSPA.

¶13 Plaintiffs' position is consistent with this court's explanation that summary judgment "cross-motions may be viewed as involving a contention by each movant that no genuine issue of fact exists under the theory it advances, but not as a concession that no dispute remains under the theory advanced by its adversary." *Wycalis v. Guardian Title of Utah*, 780 P.2d 821, 825 (Utah Ct. App. 1989). "In effect, each cross-movant implicitly contends that it is entitled to judgment as a matter of law, but that if the court determines otherwise, factual disputes exist which preclude judgment as a matter of law in favor of the other side." *Id.* Similarly, the Utah Supreme Court has explained that a district court "must recognize that a party's claim that there are no issues of fact relates to that party's theory of the case and should not be construed as support for the adversary's argument or motion." *Newman v. White Water Whirlpool*, 2008 UT 79, ¶ 15, 197 P.3d 654 (citation and internal quotation marks omitted).

¶14 Legacy argues that Plaintiffs bore the responsibility of clearly setting forth which facts they claimed to be material to each party's motion for summary judgment and of showing that there was a genuine factual issue for trial. Legacy contends that a "court is not supposed to rewrite a party's responses to statements of facts or make out a better argument on that party's behalf than the party itself made."[3] Legacy's argument on this point is not without some

---

3. Legacy also argues that Plaintiffs' "representations that the facts regarding the signage were 'not material' . . . constitute invited

(continued...)

force; however, Plaintiffs are correct in their contention that the district court should not have relied on their purported concession as to materiality in ruling on summary judgment, as discussed

---

3. (...continued)
error." We disagree. The invited error doctrine "arises from the principle that a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error." *Pratt v. Nelson*, 2007 UT 41, ¶ 17, 164 P.3d 366 (citation and internal quotation marks omitted). "By precluding appellate review, the doctrine furthers this principle by discouraging parties from intentionally misleading the trial court so as to preserve a hidden ground for reversal on appeal." *Id.* (citation and internal quotation marks omitted). The invited-error doctrine encourages counsel to "actively participate in all proceedings and to raise any possible error at the time of its occurrence" so as to "fortif[y] our long-established policy that the trial court should have the first opportunity to address a claim of error." *Id.* (alteration added) (citation and internal quotation marks omitted).

The record clearly indicates that Plaintiffs both actively participated, or at least sought to actively participate, in all proceedings and sought to bring the existence of the error to the district court's attention at the time of its occurrence. First, consistent with our holding in this opinion, it is likely that the apparent misunderstanding that led to the court's error could have been avoided had the court held a hearing as contemplated by our rules as discussed below. Second, upon receiving the district court's order denying their motion for summary judgment and granting summary judgment to Legacy, Plaintiffs discovered the claimed error committed by the district court and attempted to give the court the "first opportunity to address [the] claim of error" by filing a motion for reconsideration pursuant to rules 52 and 59 of the Utah Rules of Civil Procedure. *See id.* (citation and internal quotation marks omitted). Plaintiffs specifically addressed the materiality of the signage issue in this motion. Accordingly, Plaintiffs did not lead the district court into committing the claimed error and the doctrine of invited error does not apply.

below. *See infra* ¶¶ 17–18. Moreover, it is likely that much of the confusion surrounding whether the signage dispute was material could have been avoided had the district court held a hearing after receiving the parties' motions for summary judgment, especially where Plaintiffs expressly requested a hearing.

B.      Rule 7 and the District Court's Denial of Plaintiffs' Request for a Hearing

¶15      Rule 7 of the Utah Rules of Civil Procedure instructs that the "court *shall* grant a request for a hearing on a motion under Rule 56 or a motion that would dispose of the action or any claim or defense in the action unless the court finds that the motion or opposition to the motion is frivolous or the issue has been authoritatively decided." Utah R. Civ. P. (7)(e) (emphasis added). Thus, the district court is required to hold a hearing on a summary judgment motion unless it determines that the motion or opposition is frivolous or that the issues have been authoritatively decided. *See Price v. Armour*, 949 P.2d 1251, 1255 (Utah 1997) (explaining that the near-identical language of a predecessor rule under the Utah Code of Judicial Administration "clearly required that the [district] court grant [a party's] request for a hearing unless either of the two exceptions applied"). However, if we determine that the district court's failure to hold a hearing was error, "[f]or such error to compel reversal of the [district] court's substantive ruling, . . . it must have been prejudicial. If the error was harmless, that is, if the error was sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the case, then a reversal is not in order." *Id.*

¶16      In its order, the court recognized that Plaintiffs had "requested a hearing on their [m]otion." Notwithstanding that request, the court ruled on the summary judgment motions without a hearing because the court determined that "the material facts in this case [were] undisputed and the parties' written submissions [had] adequately apprised the court of their respective legal positions." Nothing in this statement indicates that the court

found the issues raised by the parties to be frivolous. Indeed, in rejecting Legacy's claim for attorney fees, the court stated that it could not "find based on the record before it that [Plaintiffs'] action was without basis or brought in bad faith or for improper purposes." Nor does the court's statement explain whether it considered the issues in this case to have been "authoritatively decided." Though one might infer from the court's analysis of Plaintiffs' claims that the court considered some of those issues to have been authoritatively decided, the court did not clearly find that the factual issue concerning the adequacy of the signage and whether this issue was material, to have been authoritatively decided. The court's only analysis of this issue is contained in a footnote in the court's order, and the court's determination apparently relied entirely upon one party's purported concession that the issue was not material. Likewise, nothing in the court's order denying Plaintiffs' request for reconsideration indicates that the court had specifically considered the signage issue and whether that issue was material to have been authoritatively decided.

¶17 Upon identifying the signage issue, the court should have made an independent determination as to whether that factual issue was material. As our supreme court has instructed, "[t]he [district] court is obligated to ascertain whether either party's request for judgment as a matter of law should be granted." *Newman*, 2008 UT 79, ¶ 15 (alteration in original) (citation and internal quotation marks omitted). "In other words, simply because a party claims there are no disputed factual issues,"—or, as a corollary, a party's concession that a factual issue is not material—"does not relieve the [district] court of its obligation to determine whether the issue is actually proper for summary judgment." *Id.* Had the court held a hearing, the parties may have helped the court better understand their positions on all key issues, such as whether the signage issue was material, along with the supporting facts and legal authority for those positions. A hearing would have also aided the court and the parties by allowing both parties to hear and respond to the arguments of the opposing side. Thus, in a case like this, where the district court was presented with

multiple claims and competing motions for summary judgment, a hearing could have assisted the court in understanding the parties' arguments and avoiding the type of misunderstanding apparent here. And given our identification of a potentially material factual issue above, *see supra* ¶¶ 10–14, there is a reasonable likelihood that a hearing would have affected the district court's resolution of the parties' summary judgment motions.

¶18    Therefore, even though the question of whether summary judgment was ultimately appropriate presents a question of law, which we review for correctness, *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600, we are currently not in the best position to determine whether the signage issue was material. We simply do not have the benefit of the parties' complete arguments or the court's response to those arguments. Under these circumstances, we must conclude that there is a "reasonable likelihood" that the district court's failure to hold a hearing "affected the outcome of [this] case." *See Price*, 949 P.2d at 1255. We therefore reverse the district court's summary judgment ruling and remand with instructions to hold a hearing or to enter findings demonstrating that all issues raised by the parties have been authoritatively decided under Utah law, consistent with rule 7(e). If, upon holding such a hearing or entering appropriate findings, the district court determines that the signage issue is material, the court must allow this case to proceed to trial. *See Orvis*, 2008 UT 2, ¶ 6. Because any action the court takes on remand may alter the context in which Plaintiffs' other claims have been presented to us on appeal, we decline to address those claims.

## II. The District Court Did Not Abuse its Discretion by Denying Legacy's Request for Attorney Fees.

¶19    After the district court entered its summary judgment ruling, Legacy filed a motion requesting that the court award it attorney fees. Legacy argued before the district court and on appeal

that it is entitled to receive its attorney fees under both the UCSPA and the FDCPA.[4]

¶20 The UCSPA provides that the district court "may award" reasonable attorney fees to the defendant in a UCSPA claim if "the consumer complaining of the act or practice that violates this chapter has brought or maintained an action he knew to be groundless." Utah Code Ann. § 13-11-19(5) (LexisNexis 2009). Similarly, the FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) (2012).

¶21 In denying Legacy's request, the district court concluded that even though it had ruled against Plaintiffs on their UCSPA and FDCPA claims, the court could not "find based on the record before it that their action was without basis or brought in bad faith or for improper purposes." "When challenging a district court's findings of fact, the challenging party must show that the evidence, viewed in a light most favorable to the [district] court, is legally insufficient to support the contested finding." *Blum v. Dahl*, 2012 UT App 198, ¶ 5, 283 P.3d 963 (alteration in original) (citation and internal quotation marks omitted). Legacy has not done so. Instead,

---

4. Our reversal of the district court's summary judgment ruling would also require us to vacate the district court's ruling on attorney fees if Legacy's request were based on its status as the prevailing party. *See John Holmes Constr., Inc. v. R.A. McKell Excavating, Inc.*, 2005 UT 83, ¶ 17, 131 P.3d 199. However, because Legacy's request is grounded in the theory that Plaintiffs' claims were brought in bad faith at their inception, the district court's summary judgment ruling does not affect that determination and we may review the district court's attorney-fees decision without first remanding for the district court to reconsider the parties' motions for summary judgment. The district court is free to reconcile this issue in light of any further proceedings.

Legacy merely identifies the evidence it believes demonstrates bad faith on the part of Plaintiffs and Plaintiffs' knowledge that their claims were groundless, and asserts that the district court should have found in Legacy's favor. Legacy does not undertake to demonstrate a lack of evidentiary support for the district court's findings and Legacy has thereby failed to show that the district court clearly erred in this respect. We therefore conclude that the district court did not err in denying Legacy's request for attorney fees.

CONCLUSION

¶22   We reverse the district court's order granting Legacy's motion for summary judgment and denying Plaintiffs' motion for summary judgment. We remand this case to the district court so that the court may determine whether to hold a hearing and thereby determine whether the factual issue concerning the adequacy of the signage at the 33rd Street Station on the night that Legacy towed Plaintiffs' vehicles is material to the applicable law governing this case. Should the court determine that the signage issue is material, the court must then allow this case to proceed, as appropriate, and reevaluate any other claims or issues possibly affected by that determination. We affirm the district court's denial of Legacy's motion requesting attorney fees.